IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV356-01-MU

EARL ALFONSIA GOODE,            )
                                )
           Plaintiff,           )
                                )
       v.                       )       **O R D E R**
                                )
DUANE TERRELL, et al.,          )
                                )
           Defendants.          )
                                )

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed December 8, 2005.

Plaintiff [1] has filed a Complaint pursuant to 42 U.S.C. § 1983 against numerous defendants alleging that the Defendants violated his due process rights by withholding, or failing to uncover, evidence that would have invalidated his disciplinary convictions and loss of good time credits.

Plaintiff's claim concerning his recent disciplinary convictions necessarily challenges the validity of his disciplinary convictions and his loss of good time credits and therefore

---

[1] Plaintiff appears to try to join other inmates as plaintiffs to this action. The Prison Litigation Reform Act (PLRA), requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Consequently, this Court holds, that based upon the reasoning set forth in the United States Court of Appeals for the Eleventh Circuit's reasoning in Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002), that if these other inmates wish to bring a § 1983 cause of action they must file a separate Complaint; pay a separate filing fee; and establish that they have exhausted their administrative remedies. Moreover, even if these other inmates were joined as plaintiffs in this action, their claims would fail for the same reasons Plaintiff's claims fail.

1

his exclusive means under federal law for challenging such actions would be a petition for a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997)(claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983, if a finding in favor of the plaintiff would necessarily imply the invalidity of the underlying disciplinary conviction). Plaintiff does not allege that his disciplinary convictions have been overturned[2] and therefore his claim against these Defendants is dismissed.

Plaintiff also asserts that the Defendants discriminate against inmates based upon their color and religion and that the security threat group (STG) standards are used at MCI simply to keep certain inmates in segregation or on validation status. As an initial matter it appears that Plaintiff has not exhausted these claims. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002). While Plaintiff attaches a grievance setting forth discrimination allegations, this grievance was rejected because,, in violation of prison policy, it sought a remedy for other inmates. Nowhere in his Complaint does Plaintiff indicate that he refiled his grievance. Thus Plaintiff

---

[2] Indeed, Petitioner admits his disciplinary conviction has been upheld on appeal.

has not established that he has exhausted this claim.

Even if he had exhausted his global discrimination and STG claim they would be dismissed for lack of standing. Other than his first claim regarding a specific disciplinary procedure, Plaintiff does not personalize any of these allegations to himself. That is, Plaintiff does not allege any particular action, much less any unconstitutional action, that was taken against him.[3] Moreover, Plaintiff does not set forth specific actions by specific defendants which resulted in personal injury to him. As such, Plaintiff's discrimination and STG claims must fail. See Allen v. Wright, 468 U.S. 737, 751 (1984)(to demonstrate standing, a plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct); Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977)(to state a civil rights claim, one must allege that he, himself, sustained deprivation of a federal or constitutional right); see also Johnson v. Medford, 208 F. Supp. 2d 590 (W.D.N.C.)(mere conclusory allegations of discrimination fail to state a claim under 42 U.S.C. § 1983), aff'd, 37 Fed. Appx. 622 (4th Cir. 2002); Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974)(same).

Furthermore, Plaintiff fails to allege facts sufficient to support his retaliatory conspiracy claim. Conclusory allegations of conspiracy without facts demonstrating any agreement or meeting of the minds among the defendants fails to state a claim. See Ballinger v. North Carolina Agricultural Extension Serv., 815 F.2d 1001, 1007 (4th Cir.)(an

---

[3] The Court acknowledges that Plaintiff makes a passing reference to the fact that he was erroneously identified as being in a gang. Plaintiff, however, provides no specifics with regard to this allegation. Such conclusory allegations are insufficient to support a § 1983 claim. In addition, the Court notes that Plaintiff's gang status was a part of the disciplinary action taken against him which resulted, among other things, in the loss of good time credits.

essential element in any claim of conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators), cert. denied, 484 U.S. 897 (1987). When a complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, a court may properly dismiss the complaint. See Woodrum v. Woodward County, Okl., 866 F.2d 1121 (9th Cir.1989)(to successfully allege a conspiracy claim a plaintiff must set forth facts establishing an agreement or meeting of minds to violate the plaintiff's constitutional rights); Cole v. Gray, 638 F.2d 804, 811 (5th Cir.1981)(mere allegations linked by speculation and conclusory allegations will not support a claim under § 1983).[4]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for failing to state a claim.

Signed: February 9, 2006

Graham C. Mullen
United States District Judge

---

[4] The Court also notes that Plaintiff's retaliatory conspiracy claim appears to center on his disciplinary convictions and would therefore be dismissed based upon the reasoning set forth in Edwards v. Balisok, 520 U.S. 641, 645-48 (1997).